**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **JAMES ANTHONY BURGESS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. 2:13-cv-0102** |
| ) | |
| **ERIC QUALLS,[1] Warden,** ) | **Judge Sharp** |
| ) | |
| **Respondent.** ) | |

**ORDER**

Petitioner James Anthony Burgess, a prisoner in state custody at the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging a conviction and sentence issued by the Putnam County Criminal Court in 2009.

As explained in the accompanying Memorandum Opinion, the Court finds that Burgess is not entitled to relief on the basis of the grounds articulated in his petition. Accordingly, his petition (ECF No. 1) is hereby **DENIED** and this matter is **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed."

_____

[1] Eric Qualls, who was appointed as warden of the Bledsoe County Correctional Complex on November 18, 2013, is automatically substituted as the respondent in this case. Fed. R. Civ. P. 25(d). **The Clerk is directed to make this substitution on the docket.**

*Miller-El*, 537 U.S. at 337. Courts should not issue a COA as a matter of course. *Id.*

In this case, the only cognizable claims raised are for ineffective assistance of trial counsel, but the petitioner failed to show that the state court's resolution of his ineffective-assistance claims was unreasonable. Because an appeal by the petitioner on any of the issues raised in this petition would not deserve attention, the Court **DENIES** a COA. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

Kevin H. Sharp
United States District Judge